

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 9, 1959

Hon. Dorsey B. Hardeman, Chairman
State Affairs Committee
Senate of the State of Texas
Austin, Texas

Opinion No. WW 640

Re: Constitutionality of H.B.
5, 56th Leg., relating
to certification from
the Comptroller required
by Art. III, Sec. 49a of
the Constitution.

Dear Senator Hardeman:

In your letter of May 27, 1959, you advised that
the Senate State Affairs Committee, 56th Legislature,
First Called Session, has referred House Bill 5 to this
office for an opinion on its constitutionality.

Section 1 of House Bill 5 provides as follows:

"In preparing the financial state-
ments and certifications required by
Article III, Section 49a of the State
Constitution, the Comptroller of Public
Accounts shall report and consider an
estimate of the probable receipts and dis-
bursements as of August 31st for the then
current fiscal year.

"The words 'probable receipts' shall
mean and include all such moneys estimated
by the Comptroller to be received by the
State through August 31st of the then
current fiscal year; and his financial
statements shall show the fund or funds
to which such receipts are to be credited.

"The words 'probable disbursements'
shall mean, and the Comptroller shall con-
sider and report under such term, only
those payments estimated to be made and
warrants which will be issued by the State
through August 31st of the then current
fiscal year.

"In addition thereto, for the information of the Governor and the Legislature the Comptroller shall list other outstanding appropriations which may exist after the end of the then current fiscal year, but they shall not be deducted from the cash condition of the Treasury or the anticipated revenues of the next biennium for the purpose of certification. In estimating and certifying cash funds to be available for the next biennium, these outstanding but undisbursed appropriations of each biennium shall be offset by the estimated total of outstanding but undisbursed appropriations of the succeeding biennium.

"It is the Legislative intent that the Comptroller's reports, estimates, and certifications of available funds in each instance shall be based upon the actual or estimated cash condition of the State Treasury and that outstanding and undisbursed appropriations at the end of each biennium shall be considered as probable disbursements of the succeeding biennium in the same manner that earned but uncollected income of a current biennium is considered in probable receipts of the succeeding biennium. The provisions of this Act shall be immediately effective and the Comptroller shall revise his current report and estimates in accordance therewith." (Emphasis added)

Section 49a, Article III of the Texas Constitution, provides in part as follows:

"It shall be the duty of the Comptroller of Public Accounts in advance of each Regular Session of the Legislature to prepare and submit to the Governor and to the Legislature upon its convening a statement under oath showing fully the financial condition of the State Treasury at the close of the last fiscal period and an estimate of the probable receipts and disbursements for the then current fiscal year. There shall also be contained in said statement an itemized estimates of the anticipated revenue based on the laws then in effect that will be received by and for the State from all sources showing the fund accounts to be credited during the succeeding biennium and

said statement shall contain such other information as may be required by law. Supplemental statements shall be submitted at any Special Session of the Legislature and at such other times as may be necessary to show probable changes.

"From and after January 1, 1945, save in the case of emergency and imperative public necessity and with a four-fifths vote of the total membership of each House, no appropriation in excess of the cash and anticipated revenue of the funds from which such appropriation is to be made shall be valid. From and after January 1, 1945, no bill containing an appropriation shall be considered as passed or be sent to the Governor for consideration until and unless the Comptroller of Public Accounts endorses his certificate thereon showing that the amount appropriated is within the amount estimated to be available in the affected funds. When the Comptroller finds an appropriation bill exceeds the estimated revenue he shall endorse such finding thereon and return to the House in which same originated. Such information shall be immediately made known to both the House of Representatives and the Senate and the necessary steps shall be taken to bring such appropriation to within the revenue either by providing additional revenue or reducing the appropriation.

"For the purpose of financing the outstanding obligations of the General Revenue Fund of the State and placing its current accounts on a cash basis the Legislature of the State of Texas is hereby authorized to provide for the issuance, sale, and retirement of serial bonds, equal in principal to the total outstanding, valid and approved obligations owing by said fund on September 1, 1943, provided such bonds shall not draw interest in excess of two (2) per cent per annum and shall mature within twenty (20) years from date. Added Nov. 3, 1942." (Emphasis added)

From the foregoing it is seen that Section 49a of Article III requires of the Comptroller two different types of duties. First, he is required to prepare for the Governor and the Legislature a financial report of the condition of the State Treasury and to prepare an "estimate" which is to show the information specified in the Constitution, and other such matters as the Legislature may require. Insofar as House Bill 5 is a specification of the form and content of those reports, it does not violate the Constitution. Certainly the Legislature may require any information that it desires, and it may require that information to be shown in any manner that it desires, regardless of whether the Comptroller believes such is necessary to an accurate accounting procedure.

Second, the Comptroller is to certify that the amount appropriated in any bill is within the amount estimated to be available in the affected funds.

The Comptroller's determination of the availability of funds appropriated is not required by the Constitution to be based on his financial report of the State Treasury prepared for the Governor and the Legislature or his "estimate". The word "estimated" as used in connection with the certification to be made by the Comptroller necessarily refers to a finding or opinion of the Comptroller separate and apart from the "estimate" which is referred to in the first paragraph of Section 49a. That "estimate" -- the document prepared and published by the Comptroller at the beginning of each legislative session -- relates to the contemplated revenues to be received by the State during the succeeding biennium under the statutes in existence at the time the Legislature meets. The Comptroller could not determine the availability of subsequently appropriated funds based upon that "estimate" alone, because it would not necessarily take all anticipated disbursements into account, and would not be based upon revenue and other bills passed at the same legislative session before a bill containing an appropriation was sent to him for certification. In this connection, we point out that statutes may be passed which affect the availability of funds to be appropriated, but which are not revenue bills and which do not contain an appropriation. (See Attorney General's Opinions WW-102 (1957), and WW-632 (1959), copies of which are attached). The "estimate" prepared for the Governor and the Legislature might not

have taken such bills into account. Patently the question of availability demands a consideration by the Comptroller of facts which are not or may not be reflected in the pre-legislative session "estimate".

Of course, the Comptroller of Public Accounts, in making his "estimate" as to the amount of money that will be available in the affected funds, in certifying an appropriation bill or returning it to the House in which same originated, should by virtue of the mandate of Section 49a of Article III of the Constitution, take into consideration every element that bears upon the amount of funds that will be available, including an estimate of the amount of funds that will not be expended under the appropriations for the present biennium, as well as an estimate of the amount of funds that will not be disbursed by virtue of appropriations made for the next biennium.

The Constitution does not expressly provide whether the general accounting method should be on a cash or accrual basis, but there is some language in Section 49a of Article III, Texas Constitution, which would seem to require the accounting to be on a cash basis. It is our opinion that the Legislature may direct the Comptroller to employ a cash accounting basis as supplemental to and in aid of the constitutional provisions and we do not pass upon whether the Legislature could require the use of an accrual accounting basis. In Hamilton v. Deland, 198 N.W. 843, the rule was stated as follows:

> "While legislation may not be necessary to effectuate the constitutional provision and none may be validly enacted that is in conflict with it, it does not follow that legislation supplemental to and in aid of the constitutional provision may not be enacted. This, I think, is settled by the text-writers and adjudicated cases."

In support of this rule the Court quoted from Corpus Juris; Ruling Case Law and the 7th Edition of Cooley's Constitutional Limitations.

H. B. No. 5 in effect instructs the Comptroller
to use the cash accounting basis, as it provides that
outstanding appropriations which may exist after the
end of the then fiscal year should not be deducted
from the cash condition of the Treasury or the antici-
pated revenue of the next biennium for the purpose of
certification.  This we believe to be constitutional.
However, the bill now provides that the outstanding
but undisbursed appropriations of each biennium shall
be offset by the estimated total of outstanding but
undisbursed appropriations of the succeeding biennium.
This we believe to be unconstitutional.

Reading Section 49a of Article III from its four
corners, it is our opinion that this constitutional
provision contemplates that the Comptroller, in making
his estimate for certification of bills, use the cash
accounting method.  The use of the underscored language
in the Constitutional Amendment, as quoted above,
strengthens our opinion that the amendment in question
contemplates that the accounting method to be employed
by the Comptroller in making his estimates should be on
the cash basis.

In H. B. No. 5 it appears that the Legislature is
estimating that the outstanding but undisbursed appro-
priations at the end of each biennium will be in the
same amounts as it states that one will offset the other.
However, Section 49a of Article III of the Constitution
provides that the Comptroller will make the estimates.
Insofar as this bill attempts to make estimates it is
unconstitutional as a legislative invasion of the duties
of the Comptroller.  However, if a severability clause
is added, the remainder of the bill will stand, as it
does not conflict with Section 49a of Article III of
the Constitution but is supplemental to and in aid of
the Constitutional provisions.

Other than the questions treated above, we find
no constitutional questions raised by House Bill 5.

### S U M M A R Y

House Bill No. 5 is a constitutional bill
except insofar as it attempts to make es-
timates as to outstanding but undisbursed
appropriations.  For that reason as present-

ly drafted it is unconstitutional. If a severability clause be added, the remainder will be effective, as the bill is complete and workable after eliminating the unconstitutional provision.

Very truly yours

WILL WILSON
Attorney General of Texas

By Morgan Nesbitt
Assistant

APPROVED:

OPINION COMMITTEE:

George P. Blackburn, Chairman

Martin DeStefano

Joe Osborn

Mrs. Marietta Payne

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert